## McGREWS *versus* McGREWS.

A will of personal estate, is not necessarily void, for want of subscribing witnesses.

The Orphans' Court has peculiar and original jurisdiction over the subject of the probate of wills and its decree in relation to the establishment of a will must be taken as properly entered, upon legal testimony, unless the contrary appears.

This case was brought by writ of error, from the Orphans' Court of Clarke county; and raised the question, in this Court, of the validity of the will of one Clarke McGrew.

The record showed, that the parties in interest, having been cited to appear, and show cause why the said will should not be admitted to probate; and they having appeared by counsel, and shewed no sufficient cause to the contrary; and the said will having been duly proven; was regularly admitted to probate as to the personal estate of said McGrew.

*Wilson*, for Plaintiff—*Bagby, contra.*

CRENSHAW, J.—In this case, it appears by the record, that a paper, purporting to be the will of Clarke McGrew, under his hand and seal, and disposing of his estate, both real and personal, was offered for probate before the Orphans' Court of Clarke county.

The record further shows, that the persons interested in the estate, and who are expressly named, were duly cited to appear and shew cause why the same should not be admitted to probate; and that they having appeared and shewing no sufficient cause, the said will was duly proved and admitted to probate, and declared to be valid as to the personal estate.

It is now assigned for error, that the will is without witnesses, and therefore void: and it was further insisted on in argument, that the record does not shew the proof on which the will was allowed, and probate granted.

A will of personal property is not void because it has no subscribing witnesses. A will may be good as to the personal, and void as to the real estate. To pass the real estate, subscribing witnesses are necessary. The will, I apprehend, would be *prima facie* void, if from its face, it is apparent that the testator intended to do some further act to give it effect. But nothing of this kind appears from the face of the will in question. It does not appear that the testator intended to have it subscribed by witnesses. It concludes, "witness my hand and seal," and is signed and sealed by the testator, without saying in presence of witnesses, or leaving a void space for them to subscribe their names.

The record does not inform us what evidence was

received by the Judge of the Orphans' Court, but it does inform us that the will was duly proved, and that the parties interested in the estate, were duly cited to contest the will.

We must presume that a Court of competent jurisdiction acted correctly, unless the contrary appears; that it had sufficient evidence to authorise an allowance of the will; and if the party contesting the same was dissatisfied, he should have taken his exceptions and brought the evidence before this Court.

The Orphans' Court, having peculiar and original jurisdiction over the probate of wills, we can not presume against its orders and decrees; we can not infer that the Court allowed the will without legal testimony, and that the parties were not cited to contest the same, when by the record we are told that these things were duly done.

If the will was not proved, or if the parties were not cited according to law, the plaintiffs in error should have made the facts to appear; otherwise we will presume that the Orphans' Court acted correctly on a subject matter peculiar to its own jurisdiction.

We are unanimous in affirming the order allowing the will as to the personal estate, and granting the probate.